**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH　　　　　　　　　　　　　　　　　　　　　(973) 645-4693
BANKRUPTCY JUDGE　　　　　　　　　　　　　　　　　　　　　　Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **MAR. 17, 2011**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ Ronnie Plasner, DEPUTY

March 17, 2011

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Soriano, Henkel, Biehl, and Matthews, P.C.　　Salvatore T. Alfano, P.A.
Frederick C. Biehl, Esq.　　　　　　　　　　Salvatore T. Alfano, Esq.
75 Eisenhower Parkway　　　　　　　　　　P.O. Box 1450
Roseland, New Jersey 07068　　　　　　　　55 Washington Street
*Counsel for Plaintiff*　　　　　　　　　　　Bloomfield, New Jersey 07003
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

Paragano & Richland, P.C.
Vincent Paragano, Esq.
5 Seney Drive
Bernardsville, New Jersey 07924
*Counsel for Plaintiff*

Re:　**In re David Joseph Garsia, Debtor**
　　**Case No. 09-22233 (DHS)**
　　**140 Grant Avenue Associates, LLC v. David J. Garsia, Jr.**
　　**Adv. Pro. No. 09-02667 (DHS)**

Dear Counsel:

　　This matter comes before the Court upon a cross-motion filed by the Defendant, David J. Garsia, Jr. ("Defendant") to stay the present adversary proceeding in light of an ongoing criminal investigation into the same conduct alleged here. The Defendant requests that, in the interests of

Page 2
March 17, 2011

justice and in order to protect his constitutional rights under the *Fifth Amendment*, the Court grant a limited stay of the instant adversary proceeding. Discovery has concluded and a trial is imminent. Also presently pending before the Court is a motion by the Plaintiff, 140 Grant Avenue Associates, LLC ("Plaintiff") to (i) preclude the Defendant from testifying at trial; (ii) striking the Defendant's answer and affirmative defenses; and (iii) enter judgment against the Defendant. Both the cross-motion and the motion have been opposed.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(a), 1334(b) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. The motion is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

For the following reasons, the Defendant's cross-motion is granted and the adversary proceeding is stayed until July 1, 2011.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On May 13, 2009, the Defendant-Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Barbara Edwards was subsequently appointed as the Chapter 7 Trustee. The record indicates that it is a no-asset bankruptcy case and unsecured creditors will receive no distributions.

On October 19, 2009, the Plaintiff commenced this adversary proceeding, which seeks (i) to bar the Defendant's discharge of a debt in the bankruptcy case under 11 U.S.C. § 523(a)(2) and (ii) damages caused by an alleged fraud perpetrated upon the Plaintiff. According to the Amended Complaint, the Defendant made a series of false statements and misrepresentations in order to induce the Plaintiff into entering into an agreement with his company, Metro North Construction Group, LLC ("Metro North") for the construction of a condominium project in Jersey City, New Jersey. (First Am. Compl., ¶¶ 7, 17-29, 31) The Plaintiff also alleges that the Defendant made further false and misleading statements with respect to, but not limited to: permits, approvals, licenses, design, materials, craftsmanship, and payments to subcontractors. (*Id.* at ¶¶ 40, 48)

During the course of discovery, Plaintiff's counsel obtained evidence that he believed could lead to criminal, in addition to civil, liability for the Defendant. (Cert. of Vincent Paragano, ¶¶ 6-7) ("Paragano Cert.") Plaintiff's counsel presented such evidence to the New Jersey Division of Criminal Justice ("NJDCJ") and the United States Attorney's Office. (*Id.* at ¶¶ 7-8, 15(a)) On December 10, 2010, the Defendant was arrested and charged with several

Page 3
March 17, 2011

crimes under New Jersey law.[1] The NJDCJ issued a press release specifically stating that these charges arose out of the same conduct complained of in the Amended Complaint, namely, the Plaintiff's condominium project. (Alfano Cert., Ex. I) At present, however, the State of New Jersey has neither filed an indictment against the Defendant nor brought the charges before a grand jury. (Pl.'s Br. in Opp'n to Stay, pp.3-4)

Nevertheless, the Defendant believes an indictment is "imminent" and argues that he cannot mount a meaningful defense to the Plaintiff's allegations in the face of the parallel criminal proceedings. The Defendant, who had been deposed on several occasions prior to the criminal complaint, invoked his *Fifth Amendment* rights during a deposition on February 16, 2011 and advised the Court that he would likely do so again at trial. Accordingly, the Defendant submits to the Court that a limited stay is appropriate, pending further developments in the criminal investigations.

In response, the Plaintiff argues that a stay is not constitutionally required in this context and the Defendant is not unduly prejudiced by having to choose between his *Fifth Amendment* privileges or defending himself in the civil case. (Pl's Br. in Opp'n to Stay, p. 5) Furthermore, the Plaintiff notes that the civil case is ready for trial, whereas the criminal matter is in its early stages. (*Id.* at p. 4) Plaintiff's counsel advises the Court that, upon information obtained from the NJDCJ, the criminal matter is "still being investigated" and it has yet to be determined "when (or if)" it will be presented to a grand jury. (Paragano Cert., ¶ 13)

## DISCUSSION

The *Fifth Amendment* privilege protects individuals from self-incrimination. It may be invoked in both civil and criminal cases and at any stage of a proceeding. Whereas reliance on the *Fifth Amendment* in a criminal case may not be used against the person claiming the privilege, it may give rise to an adverse inference against the individual in a civil matter. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976). Therefore, a party who is subject to parallel criminal and civil proceedings may be faced with the difficult dilemma of whether to assert the privilege in order to protect himself from criminal liability, thereby jeopardizing his defense in the civil case, or forego the privilege in order to fully defend the civil suit.

The Supreme Court has set forth the principle that invocation of the privilege should not be too "costly." *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190-191 (3d Cir. 1994) (citing *Spevack v. Klein*, 385 U.S. 511, 515, 17 L. Ed. 2d 574, 87 S. Ct. 625 (1967); *Baxter*, 425 U.S. at 318). However, this principle is not meant to protect a party from all adverse consequences of

---

[1] The Defendant faces charges for first degree conspiracy, first degree money laundering, second degree theft by deception, second degree misapplication of entrusted property, two separate counts of second degree securities fraud, and second degree misconduct by a corporate officer. (Cert. of Salvatore T. Alfano, Ex. G) ("Alfano Cert.)

Page 4
March 17, 2011

the plea. *Graystone*, 25 F.3d at 191. "A trial court must carefully balance the interests of the party claiming [the privilege] and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to permit unfair and unnecessary prejudice to the other side." *Id.* at 192.

In cases of parallel civil and criminal proceedings, a court has discretion to stay the civil case in the interests of justice. *United States v. Kordel*, 397 U.S. 1, 12 n.27, 25 L. Ed. 2d 1, 90 S. Ct. 763 (1970). It is important to note, however, that a stay is an "extraordinary remedy" and is not warranted in every circumstance. *Walsh Secs. Inc. v. Cristo Property Mgmt. Ltd.,* 7 F. Supp. 2d 523, 526 (3d Cir. 1998). Although the decision to invoke the *Fifth Amendment* may be a difficult one, a defendant does not have an absolute constitutional right to be relieved of that burden through the imposition of a civil stay. Baxter, 425 U.S. at 318-319; *Id.* (citing *Trustees of Plumbers Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995); *see also National Freight v. Ostroff*, 133 N.J. Super. 554 (App. Div. 1975).

All agree that in deciding whether to grant a stay, a court should consider six factors: (1) the similarity of issues in the criminal and civil cases; (2) the stage of the parallel criminal proceeding, including whether the defendant has been indicted; (3) the prejudice to the plaintiff that would result by a delay weighed against the plaintiff's interest in proceeding expeditiously; (4) the potential burden on the defendant; (5) the interests of the court; and (6) the public interest. *Walsh Secs.,* 7 F. Supp. 2d at 527 (citing *Transworld*, 886 F. Supp. at 1139).

**1.     Similarity of Issues**

The extent to which the issues in the parallel civil and criminal proceedings overlap is "the most important issue at the threshold" in determining whether a stay is appropriate. *Walsh Secs.*, 7 F. Supp. 2d at 527 (citing Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989). Here, there is a clear overlap between the civil and criminal actions. The Plaintiff admittedly brought the alleged fraud to the attention of the prosecuting authorities and concedes that the allegations contained in the criminal complaint are nearly identical to those in the civil complaint. Therefore, this critical factor weighs in favor of granting a stay.

**2.     Stage of Parallel Criminal Proceeding**

Although the case for a stay is strongest when the defendant has already been indicted,[2] the determination must be made on the particular equities of each case. *Walsh Secs.*, 7 F. Supp.

---

[2] This is because the potential for self-incrimination is greatest after an indictment is returned, yet the potential delay and any resulting harms to civil litigants are mitigated by the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act. *Parallel Proceedings*, 129 F.R.D. at 203. Here, Defendant's counsel argues that, despite the absence of an indictment, the local assignment procedures in New Jersey dictate that the criminal case must be moved along within four to six months or else dismissed. The Defendant further points out that a statewide grand jury sits in Trenton on a regular basis. (Alfano Letter in Response to Pl.'s Opp'n, p. 3); *See, e.g.,* N.J.S.A. 2B:22-2.

Page 5
March 17, 2011

2d at 527.  When the government is conducting an active parallel criminal investigation, a pre-indictment stay may be warranted.  *Parallel Proceedings*, 129 F.R.D. at 204.

In the *Walsh Securities* case, no indictments had been returned.  However, the government had executed search warrants, issued subpoenas, and informed the defendants that they were targets of an ongoing criminal investigation.  *Walsh Secs.*, 7 F. Supp. 2d at 527.  The District Court noted that interrogatories and depositions, in the face of advance notice from the defendants that they intended to assert their *Fifth Amendment* privileges, presented a substantial risk of self-incrimination.  *Id.*  Accordingly, the court granted a limited stay that was to be reevaluated after approximately five months.  *Id.*

In *Amsave Credit Corp. v. Marcea*, 131 B.R. 774 (S.D.N.Y. 1991), another case cited by the Defendant, the court also determined that a stay of the civil proceedings was appropriate, despite the absence of criminal indictments, because of the similarity of issues.  In a more recent case in the District of New Jersey, the court found cause to issue a pre-indictment stay because the criminal investigation was "reaching a terminal phase that will likely result in the issuance of indictments against [the defendant] and possibly others involved in this case."  *Cont'l Ins. Co. v. Securi Enters.*, 2010 U.S. Dist. LEXIS 135593, *8-9 (D.N.J.  Dec. 21, 2010).  In support of the stay, the court noted that it was a particularly difficult situation because certain witnesses the defendant may wish to call in his civil defense were also "potential government witnesses" against him in the criminal case.  *Id.* at *9.

In the present case, the Defendant was arrested approximately three months ago and charged with first and second degree offenses.  The crimes with which he has been charged carry authorized prison terms ranging from five (5) to twenty (20) years.  (Def.'s Mem. In Opp'n to Mot. and in Supp. of Cross-Mot., p. 7) ("Def.'s Mem."); *See* N.J.S.A. 2C:43-6a.(1) and (2).  Moreover, there is a presumption of imprisonment for first and second degree offenses.  (*Id.*); *See* N.J.S.A. 2C:44-1(d).  The NJDCJ issued a press release regarding the arrest and charges (Alfano Cert., Ex. I) and the Defendant's criminal defense attorneys have filed certifications with the Court indicating their belief that indictment is imminent.  (DeNoia Cert.); (Klingeman Cert.)

Given the seriousness of the criminal allegations, an indictment is a strong possibility.  Although the criminal case is still at the pre-indictment stage, whereas the civil case is ready for trial, the Court must look to the particular circumstances present.  Most importantly the Defendant is the subject of at least one active criminal investigation and potentially others.  Key defense witnesses in the civil case, including the Defendant's father, have also been charged with crimes or are the subject of criminal investigations and may invoke the *Fifth Amendment* themselves.  In addition, a former business partner is apparently cooperating with an FBI investigation. (Paragano Cert., ¶ 15)  Ultimately, an indictment appears to be the next logical step, and the Defendant will undoubtedly continue to assert his *Fifth* Amendment privilege in the civil matter.  At the very least, the absence of an indictment, under the facts herein, does not weigh against a stay.

Page 6
March 17, 2011

### 3. Prejudice to Plaintiff

The Plaintiff argues that the potential for prejudice is great because the delay could last for a period of several months or even years as the Defendant waits for the criminal investigation to conclude. Even if this were true, however, delays in civil cases are common, as Judge Bassler pointed out, and may be compensated for by interest in any final judgment. *Walsh Secs.*, 7 F. Supp. 2d at 528. A delay, in the face of a plaintiff's desire to have the case heard expeditiously, standing alone, is not evidence of prejudice. *See Id.*

Significantly, there appears to be no evidence of the Defendant dissipating assets which could be prejudicial to the Plaintiff. Moreover, the debt is not discharged because the adversary complaint under § 523(a)(2) is pending. Thus, there is no prejudice to the Plaintiff if a stay is imposed because that concern is protected. Finally, this is a no-asset bankruptcy case and there is no reasonable prospect that the Defendant-Debtor would be able to satisfy any judgment in the foreseeable future. Simply put, the Court cannot find sufficient prejudice to the Plaintiff whether the trial is held next week or a few months from now. Thus, the absence of any immediate foreseeable prejudice to the Plaintiff weighs in favor of a stay. If the circumstances suddenly change, the Plaintiff retains the ability to come back to this Court on a motion to vacate the stay. *See Walsh Secs.*, 7 F. Supp. 2d at 529.

### 4. Burden on Defendant

The potential burden on the Defendant is clear. He must choose between foregoing his constitutional rights and defending the civil adversary proceeding or invoking those rights and likely losing the civil suit. *See Id.* at 528. Again, the Court recognizes that Defendant does not have an absolute right to be relieved of this choice, *see Baxter*, 425 U.S. at 318-319. However, if an equitable resolution can be adopted that would allow for the privilege to be asserted and at the same time minimize the prejudice to the Plaintiff, the interests of justice direct the Court to reach such an outcome. *See McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 218-219 (3d Cir. 2003); *Graystone*, 25 F.3d at 192. Since the Plaintiff has presented no evidence of immediate and serious prejudice, a short stay of the adversary proceeding would go towards accomplishing this result.

### 5. Interests of the Court

The Court must also consider its own interest in resolving cases efficiently. *Walsh Secs.*, 7 F. Supp. 2d at 528. Efficiency, however, is not always akin to expeditiousness. As noted above, certain witnesses for the Defendant may also seek *Fifth Amendment* protections, further limiting his ability to disprove the fraud allegations. As Judge Bassler noted in *Walsh Securities*, the "strong potential for an unjust result outweighs the efficiencies gained by allowing the case to proceed." *Id.* at 529.

Page 7
March 17, 2011

Additionally, it is important to reiterate the overwhelming similarity of issues in the parallel actions.  A prior determination in the criminal action could have a dispositive effect in this action.  The reverse, of course, is not true, leading to the conclusion that the criminal proceeding, if possible, should proceed first.  *See Parallel Proceedings*, 129 F.R.D. at 204.  Thus, the interests of the Court weigh in favor of a stay, or at best are neutral.

**6.    Public Interest**

The Plaintiff seeks to analogize the present matter with an earlier decision of this Court, wherein the Defendant's request for a stay of the parallel civil proceeding was denied.  *See Forman v. Otlowski (In re NJ Affordable Homes Corp.)*, 2007 Bankr. LEXIS 1000, *18 (Bankr. D.N.J. Mar. 19, 2007).  In that case, however, the plaintiff was the bankruptcy trustee and brought the complaint on behalf of approximately four hundred ninety (490) defrauded investors.  *Id.*  The public interest in being protected from massive fraudulent schemes was overwhelming.  *Id.* ("The alleged fraudulent scheme is not one that is routine in nature.").  Conversely, this case involves allegations of more specific fraud against an individual.  The Plaintiff, while alluding to other victims, is seeking the non-dischargeability of its own debt and money damages for its own losses.  There is no injury to the public and this factor also weighs in favor of a stay.

## **CONCLUSION**

There is no great prejudice to the Plaintiff as a result of a stay.  Despite the Plaintiff's good faith desire to have its claims promptly litigated, a delay is necessary in order to preserve the Defendant's constitutional rights.  Ultimately, the balance of factors weighs in favor of a limited stay, after which the Court may revisit the matter with an amplified understanding of the equities before it.  Therefore, the Defendant's cross-motion is granted and the adversary proceeding is hereby stayed until July 1, 2011.

The Plaintiff's motion to preclude the Defendant from testifying at trial, to strike his answer and defenses, and to enter judgment is hereby adjourned until July 12, 2011 at 10:00 a.m.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure